# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

2:09-cv-04414-SDW-MCA

IN RE: ZIMMER DUROM HIP CUP
PRODUCTS LIABILITY LITIGATION

MDL-2158

This Document Relates to:

*Christine Brice v. Zimmer Holdings, Inc., et al*; Case No. 2:13-cv-02889
*Mark Doneson, et al v. Zimmer Holdings, Inc.*; Case No. 2:11-cv-05472
*Charles Foster v. Zimmer Holdings, Inc., et al*; Case No. 2:13-cv-02861
*Barbara Hanks v. Zimmer Holdings, Inc., et al*; Case No. 2:13-cv-02887

### DEFENDANTS ZIMMER, INC. AND ZIMMER HOLDINGS, INC.'S MOTION FOR ORDER TO SHOW CAUSE

Defendants Zimmer, Inc., and Zimmer Holdings, Inc. (collectively "Zimmer"), respectfully move this Court for the entry of an order directing the plaintiffs, Christine Brice, Mark Doneson, Charles Foster, and Barbara Hanks (together, "Plaintiffs"), to present evidence that they were implanted with a Durom Cup and to show cause why these actions should not be dismissed without prejudice. In support of this Motion, Zimmer states as follows:

1. On June 9, 2010, the Judicial Panel on Multidistrict Litigation centralized the then-pending Durom Cup cases in the District of New Jersey, styled as *In re: Zimmer Durom Hip Cup Products Liability Litigation*, MDL 2158 (the "MDL"). (Transfer Order (June 9, 2010), attached as Exhibit 1).

2. According to the Transfer Order, the common issues in the MDL are "whether Zimmer's Durom Acetabular Component (or Durom Cup), a device used in hip replacement surgery, was defectively designed and/or manufactured, and whether Zimmer failed to provide adequate warnings concerning the device." (*Id*. at 1-2). Accordingly, a fundamental prerequisite to participating in this MDL is the implantation of a Durom Cup.

3. None of the Plaintiffs herein were implanted with a Durom Cup and, thus, they do not belong in the MDL. (*See* Chart, attached as Exhibit 2).

4. On December 21, 2018, Zimmer sent letters to Plaintiffs' counsel explaining that Zimmer's records indicate that Plaintiffs were implanted with a device other than a Durom Cup and, if they believed otherwise, to submit documentation to establish that a Durom Cup was implanted. Zimmer requested a response no later than January 21, 2019. None of the Plaintiffs have provided records indicating that a Durom Cup was implanted.

5. This Court has the authority to manage individual cases in the MDL like any other case. *In re FMC Corporation Patent Litigation* 422 F. Supp. 1163, 1165 (J.P.M.L. 1976) ("following a transfer [under Section 1407], the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of the transfer.").

6. Because Plaintiffs were not implanted with a Durom Cup, Zimmer respectfully requests that the Court enter an order requiring Plaintiffs to present evidence that they were implanted with a Durom Cup and to show cause why their cases should not be dismissed without prejudice.

WHEREFORE, Zimmer respectfully requests this Court to issue an order to show cause why Plaintiffs' cases should not be dismissed without prejudice.

Dated: February 15, 2019   Respectfully submitted,

FAEGRE BAKER DANIELS LLP

*/s/ J. Joseph Tanner*
John Joseph Tanner
Andrew L. Campbell
Adrienne F. Busby
Stephanie N. Russo
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Tel. (317) 237-0300
Fax (317) 237-1000
Joe.tanner@faegrebd.com
Andrew.campbell@faegrebd.com
Adrienne.busby@faegrebd.com
Stephanie.russo@faegrebd.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document has been served upon all counsel of record via ECF, this 15th day of February, 2019.

*/s/ John Joseph Tanner*

- 3 -

US.121615459.04